USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1555 UNITED STATES, Appellee, v. JOSEPH EUGENE BARBIONI, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ _____________________ William Maselli for appellant. _______________ F. Mark Terison, Assistant United States Attorney, with whom _______________ Jay P. McCloskey, United States Attorney, and Elizabeth C. _________________ _____________ Woodcock, Assistant United States Attorney, were on brief for ________ appellee. ____________________ August 7, 1995 ____________________ TORRUELLA, Chief Judge. Defendant-appellant Joseph TORRUELLA, Chief Judge. ____________ Barbioni appeals on double jeopardy grounds the district court's denial of his motion to dismiss. The district court had declared a mistrial after the jury announced that it was deadlocked. Finding no abuse of discretion, we affirm. BACKGROUND BACKGROUND Appellant Barbioni was indicted and tried for deliberately making false statements to the United States Department of Labor Workers' Compensation Program, and for mail fraud, in violation of 18 U.S.C. 1001 and 1341, respectively. After a trial that lasted almost four days, the jury was given instructions by the district court and began its deliberations. After approximately seven hours, the jury sent a note to the district court, saying that it could not reach a verdict. The district court judge then brought the jury back to the courtroom and gave it some general instructions, such as reminding the jurors that the verdict must be unanimous. The court then stated to the jury that it did not intend to keep them there "against your will and beat a verdict out of you one way or the other, but I want to make one more effort to attempt to reach a unanimous verdict if we can." The court continued, "[I]f that's impossible in your collective judgment, then advise me of that fact in writing . . . and we'll respond accordingly." The jury then retired again. After three more hours of further deliberations, the jury again sent a note to the court saying that it could not reach a unanimous decision. The judge -2- then called counsel for the government and defense counsel into chambers and explained that he was going to inquire of the jurors individually whether they all agreed that they could not reach a verdict. If they all agreed, the court stated, it would declare a mistrial. The defense objected to this course of action, requesting that the jury be given more time to deliberate after a weekend's rest. Nevertheless, the court polled the jurors individually in open court. Each juror stated that he or she was satisfied that the jury was deadlocked, and that further instructions or deliberations were not likely to resolve the deadlock. Accordingly, the district court declared a mistrial and dismissed the jury over defense counsel's objections. ANALYSIS ANALYSIS Barbioni now claims that the district court abused its discretion in declaring a mistrial, and that retrial is barred by the Double Jeopardy Clause of the United States Constitution. A decision to declare a mistrial is committed to the sound discretion of the trial court, Arizona v. Washington, 434 U.S. _______ __________ 497, 506 (1978), and we therefore review only for an abuse of this discretion. After carefully reviewing the record, we see no such abuse here. While it is certainly true that a defendant has a "valued right to have his trial completed by a particular tribunal," Wade v. Hunter, 336 U.S. 684, 689 (1949), this right ____ ______ is not absolute. Rather, it is subject to the doctrine of -3- "manifest necessity." United States v. Ram rez, 884 F.2d 1524, _____________ _______ 1528 (1st Cir. 1989) (citing United States v. P rez, 22 U.S. (9 _____________ _____ Wheat.) 579, 580 (1824). Under this doctrine, a district court may declare a mistrial over the defendant's objection only if it determines that there is a "manifest necessity" for a mistrial, or the ends of public justice would otherwise be defeated. Id.; __ see also United States v. DiPietro, 936 F.2d 6, 9 (1st Cir. _________ ______________ ________ 1991). Moreover, a district court must find, based on the particular circumstances surrounding the trial and the jury's deliberations, that there exists a "high degree" of necessity for a mistrial before making such a declaration. Ram rez, 884 F.2d _______ at 1528-29 (citing Arizona v. Washington, 434 U.S. at 506). _______ __________ Examining the circumstances of the instant case, we think that the district court did not abuse its discretion in finding "manifest necessity" for declaring a mistrial. The jury deliberated for almost ten hours, after which each individual juror unequivocally expressed the opinion that the jury could not reach a unanimous decision. The court polled the jurors on this point with great care before concluding that further deliberation would be futile.1 Moreover, the trial was a relatively short  ____________________ 1 Barbioni also contends that the court should have instead sent the jurors home and reconvened them for deliberations the following Monday. Under the circumstances, we cannot find error in the court's rejection of this suggestion. The jurors had unanimously declared to the court that they did not believe that further deliberations would be fruitful. By disregarding the jurors on this point and demanding further deliberation, the court might have risked pressuring the jurors into abandoning good faith opinions merely for the sake of reaching unanimity. We do not mean that the district court was obliged to take this view, but it was a pertinent consideration. -4- one, and the legal issues at stake were not complex. Nevertheless, the jurors could not reach a verdict after ten hours of deliberation. We think that these circumstances rationally permitted the district court to conclude that manifest necessity justified the declaration of a mistrial. It is well settled that an appeal from a denial of a motion to dismiss following a "hung jury" does not normally present a valid Double Jeopardy claim. Richardson v. United __________ ______ States, 468 U.S. 317, 324 (1984); United States v. Porter, 807 ______ _____________ ______ F.2d 21, 22 (1st Cir. 1986), cert. denied, 481 U.S. 1048 (1987). _____ ______ Given the district court's sound exercise of its discretion in declaring a mistrial, we see no reason here to depart from this rule. Accordingly, the district court's declaration of a mistrial and denial of Barbioni's motion to dismiss the charges are affirmed.2  ________   ____________________ 2 Barbioni also contends on appeal that the district court erred in its modified Allen instruction to the jury. See Allen v. _____ ___ _____ United States, 164 U.S. 492 (1896). At the time the charge was _____________ given, however, defense counsel raised no objections to the instruction. Even when the district court had finished and asked counsel if they had anything to add to the modified Allen charge, _____ defense counsel stated, "No, your Honor. Thank you." Because Barbioni did not object to the instruction, and raised no arguments or suggestions when given the opportunity to do so by the district court, we deem this argument waived on appeal. Windsor Mount Joy v. Giragosian, 53 F.3d __, __ (1st Cir. 1995) _________________ __________ (arguments not properly raised below are deemed waived on appeal). -5-