**UNITED STATES of America,**

v.

**Joel A. KEENE, Defendant.**

**No. CRIM. 01–05–P–H.**

United States District Court, D. Maine.

Aug. 14, 2001.

William Maselli, Esq., Law Office of William Maselli, Auburn, ME, for Joel A. Keene.

Jonathan A. Toof, Ausa, Office of the U.S. Attorney, Portland, ME, for United States of America.

## MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION TO DISMISS THE INDICTMENT

HORNBY, Chief Judge.

The Indictment charges the defendant Joel Keene with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count I), possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count II) and two forfeiture counts (Counts III and IV). A jury trial was held on June 25, 2001, and ended in a hung jury on the first two Counts. (The last two Counts were reserved.) I declared a mistrial on June 27, 2001.

The defendant has moved for a judgment of acquittal for insufficient evidence and for dismissal of the Indictment as a result of the mistrial, contending there was no manifest necessity that warranted the mistrial and that prosecuting him again would violate his Fifth Amendment double jeopardy rights. The motions for judgment of acquittal and to dismiss the indictment are **DENIED**.

## I. FACTS

On June 25, 2001, the jury trial of United States v. Keene began. *See* Trial Calendar of June 25, 2001. The government presented the testimony of several drug agents, who had executed a search warrant of the defendant's property and questioned the defendant. After the government rested, the defendant presented a number of credibility witnesses and then rested. The trial lasted only one and one-half days—a total of about five and one-half hours of actual testimony. *See id.* of June 25–26, 2001.

Following closing arguments and the charge, the jury began its deliberations at one o'clock in the afternoon on July 26, 2001. *See* Trial Minute Sheets of June 25–27, 2001 at 1. After about one hour and 15 minutes of deliberations, the jury sent a note asking for the testimony of Maine Drug Enforcement Agent Baril (who had questioned the defendant on the night of the search) to be read back. Court Ex. 4. The readback occurred. The jury then deliberated 30 minutes before sending a note stating that they were deadlocked on both counts. Court Ex. 5. After consulting

with the lawyers for the government and the defendant, I gave the jury an *Allen* charge, directing both the majority and the minority to reexamine their positions. *See* First Circuit Pattern Jury Instruction: Criminal § 6.06 (1998). The jury then continued its deliberations for another one and one-half hours, when they sent another note, stating that they were "truly deadlocked [however,] . . . . [w]e will come back if you want us to, but we feel the result will not change." Court Ex. 6. After consulting with the lawyers, I sent the jury home with instructions to return in the morning to continue deliberations.

The jury returned the next morning and continued to deliberate. Upon the jury's request, the court reporter again repeated Agent Baril's testimony and read back the defense witness Warren Keene's testimony. Court Exs. 7, 8. After about four more hours, the jury returned a note stating that they were unable to come to a unanimous decision on either count. Court Ex. 10. This time, all twelve jurors individually signed the note. *Id.* I inquired whether they could reach a verdict on either count. Court Ex. 11. They answered that they could not. *Id.* Over the defendant's objection, I then declared a mistrial.

In sum, after a five and one-half hour trial with very few (8) witnesses, the jury deliberated more than nine hours and sent about ten notes during those deliberations. After the first impasse, the jury received the supplemental charge, instructing both the jurors in the majority and the jurors in the minority to reexamine their positions. Nevertheless, the jury could not agree unanimously on either of the two counts.

## II. DISCUSSION

### A. The Motion for Judgment of Acquittal

The defendant moves for a judgment of acquittal on the basis that there is not sufficient evidence to warrant a finding of guilt beyond a reasonable doubt. In evaluating the motion, I construe the evidence favorably to the government. *United States v. Sebaggala*, 256 F.3d 59, 62–64 (1st Cir.2001); *see also United States v. Singh*, 222 F.3d 6, 9 (1st Cir.2000). As I stated at the close of the evidence, there is a sufficient basis in the evidence presented at trial for reasonable jurors, drawing inferences favorable to the government, to find the defendant guilty as charged on both the cocaine and marijuana counts. The failure of the jury to reach a verdict does not give extra weight or a presumption of validity to the defendant's motion for acquittal. *United States v. Reis*, 788 F.2d 54, 56 (1st Cir.1986). Therefore, the defendant's motion for judgment of acquittal is **DENIED**.

### B. The Motion to Dismiss the Indictment

The defendant moves to dismiss the Indictment because I declared a mistrial over the defendant's objection. He argues that a subsequent retrial would violate the Fifth Amendment of the United States Constitution because there was no manifest necessity that warranted the declaration of a mistrial. I find that there was manifest necessity for the mistrial, and I **DENY** the defendant's motion to dismiss.

It is within the sound discretion of the district court to declare a mistrial. *Arizona v. Washington*, 434 U.S. 497, 509, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *United States v. Barbioni*, 62 F.3d 5, 7 (1st Cir.1995). The district court may declare a mistrial over the defendant's objection "if it determines that there is a 'manifest necessity' for a mistrial . . . ." *Barbioni*, 62 F.3d at 7 (quoting *United States v. Ramirez*, 884 F.2d 1524, 1528 (1st Cir.1989)).

If manifest necessity existed to declare a mistrial, the general rule that a "retrial following the 'hung jury' does not violate the Double Jeopardy Clause" will apply. *Richardson v. United States,* 468 U.S. 317, 324, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); *see also United States v. Carrillo–Figueroa,* 34 F.3d 33, 39 (1st Cir.1994).

Here, manifest necessity existed to warrant a mistrial. *See Barbioni,* 62 F.3d at 7 (finding manifest necessity and no viable double jeopardy claim where jurors deliberated for almost 10 hours after a short trial with relatively simple legal issues). The trial lasted only one and one-half days with testimony for only five and one-half hours, and the legal issues? mainly whether the defendant knowingly possessed the cocaine and marijuana?were relatively simple. *See* Trial Minute Sheets of June 25–27, 2001. The jury deliberated for over nine hours, sent out about ten notes and had a significant amount of the trial transcript read back to them. *See id.* At the end, each juror signed individually the note stating that they were deadlocked and could not agree, Court Ex. 10, and told me in a note that they could not reach a verdict on either count. *See* Court Ex. 11. Based on these circumstances, there was manifest necessity that justified the declaration of a mistrial. A second trial of the defendant does not violate the Double Jeopardy Clause and the motion to dismiss is denied.

### III. CONCLUSION

The defendant's motion for judgment of acquittal under Rule 29(c) is **DENIED**. The defendant's motion to dismiss the indictment also is **DENIED**.

**SO ORDERED**.