**UNITED STATES of America**

v.

**Brian GOODINE and Garry Julien, Defendants.**

**Crim. No. 01–25–PH.**

United States District Court, D. Maine.

Jan. 4, 2002.

William Maselli, Law Office of William Maselli, Auburn, ME, for Garry Julien.

Jonathan A. Toof, Assistant United States Attorney, Office of the U.S. Attorney, Portland, ME, for U.S.

## MEMORANDUM DECISION AND ORDER ON DEFENDANT JULIEN'S MOTION TO DISMISS THE INDICTMENT

HORNBY, Chief Judge.

The Indictment charges the defendants Garry Julien and Brian Goodine with conspiracy to distribute and to possess with intent to distribute 50 or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 and 18 U.S.C. § 2 (Count I), and possession with intent to distribute 50 or more grams of cocaine base (and aiding and abetting the same) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2 (Count X). A jury trial was held on December 10–13, 2001, and ended in a conviction of the defendant Goodine on both Counts, but a hung jury as to the defendant Julien on both Counts. I declared a mistrial as to the defendant Julien on December 14, 2001.

The defendant Julien has moved for dismissal of the Indictment as a result of the mistrial, contending that there was no manifest necessity that warranted the mistrial and that prosecuting him again would violate his Fifth Amendment double jeopardy rights. The motion to dismiss the Indictment is DENIED.

### FACTS

On December 10, 2001, the jury trial began. *See* Trial Calendar, Dec. 10, 2001. The government rested on December 12. Both defendants presented witnesses; defendant Goodine rested on December 12 and defendant Julien rested on December 13. The trial lasted three and one-half days—a total of about fourteen hours of actual testimony. *See id.* Dec. 10–13, 2001.

Following closing arguments and the charge, the jury began its deliberations at about 1:00 p.m. on December 13, 2001. *See* Trial Minute Sheets, Dec. 13, 2001. After about four and one-half hours of deliberations, the jury sent a note that they were "very far apart" and went home for the evening at their request. The next day the jury began deliberations again at 8:30 a.m. and, after several more notes, informed the Court just after 4:30 p.m. that "[w]e have reached a decision on one defendant but cannot agree on the second." Court Ex. 9. After consulting with the lawyers for the government and the defendants, I gave the jury a modified *Allen* charge, directing both the majority and the minority to reexamine their positions. *See* First Circuit Pattern Jury Instruction: Criminal § 6.06 (1998); *see also Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The jury then continued its deliberations for another three hours, when they sent another note around 8:00 p.m. stating that "[t]he jury is deadlocked on both counts for one of the defendants. There has been no movement and foresee no movement in further deliberations." Court Ex. 13. After consulting with the lawyers. I received a verdict on the defendant Goodine and declared a mistrial as to the defendant Julien, over the defendant Julien's objection.

In sum, after fourteen hours of testimony (the exhibits were largely drugs and photographs), the jury deliberated more than sixteen hours and sent nine notes during those deliberations. After the first declared impasse on one (then unidenti-

fied) defendant, the jury received the supplemental charge, instructing both the jurors in the majority and the jurors in the minority to reexamine their positions. Nevertheless, the jury could not agree unanimously on either of the two Counts as to one defendant.

### DISCUSSION

The defendant Julien moves to dismiss the Indictment because I declared a mistrial over his objection. He argues that a subsequent retrial would violate the Fifth Amendment of the United States Constitution because there was no manifest necessity that warranted the declaration of a mistrial. I find that there was manifest necessity for the mistrial, and I DENY the defendant's motion to dismiss.

 It is within the sound discretion of the district court to declare a mistrial. *Arizona v. Washington,* 434 U.S. 497, 506, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *United States v. Barbioni,* 62 F.3d 5, 7 (1st Cir.1995). The district court may declare a mistrial over the defendant's objection "if it determines that there is a 'manifest necessity' for a mistrial. . . ." *Barbioni,* 62 F.3d at 7 (quoting *United States v. Ramirez,* 884 F.2d 1524, 1528 (1st Cir.1989)). If manifest necessity existed to declare a mistrial, the general rule that a "retrial following a 'hung jury' does not violate the Double Jeopardy Clause" will apply. *Richardson v. United States,* 468 U.S. 317, 324, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); *see also United States v. Carrillo–Figueroa,* 34 F.3d 33, 39 (1st Cir.1994).

 Here, manifest necessity existed to warrant a mistrial. *See Barbioni,* 62 F.3d at 7 (finding manifest necessity and no viable double jeopardy claim where jurors deliberated for almost ten hours after a short trial with relatively simple legal issues). The trial lasted three and one-half days with testimony for only fourteen hours, and the legal issues—whether the defendants conspired to distribute or possess with intent to distribute 50 or more grams of cocaine base and whether they possessed with intent to distribute 50 or more grams of cocaine base (or aided and abetted the same)—were relatively simple. *See* Trial Minute Sheets, Dec. 10–13, 2001. The jury deliberated for over sixteen hours and sent out about nine notes. *See id.* Dec. 10–14, 2001. They informed the Court once that they were "very far apart," a second time that they "cannot agree" on a particular defendant and a third time that they were "deadlocked" with "no movement" and with no foreseeable movement to come from further deliberations. Court Exs. 9, 13. Based on these circumstances, there was manifest necessity that justified the declaration of a mistrial. A second trial of the defendant does not violate the Double Jeopardy Clause and the motion to dismiss is denied.

So ORDERED.