11-4966
*Miles v. Astrue*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges,*
DAVID G. LARIMER,*
*District Judge.*

_____

Carol A. Miles, as Parent and Natural
Guardian o/b/o J.M., an Infant,

*Plaintiff-Appellant,*

v.                                              11-4966

Michael J. Astrue, as Commissioner
of Social Security,

*Defendant-Appellee.*

_____

FOR APPELLANT:        Michael D. Hampden, Partnership for
                      Children's Rights, New York, NY.

FOR APPELLEES:        Susan D. Baird, Sarah S. Normand,
                      Assistant United States Attorneys, *for*

---

* The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

Preet Bharara, United States Attorney for the Southern District of new York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**

Plaintiff-Appellant Carol A. Miles ("Miles"), on behalf of J.M., her minor son, appeals from an October 3, 2011 post-judgment order of the United States District Court for the Southern District of New York (Gorenstein, *M.J.*), denying Miles's motion for an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Miles initiated the underlying suit challenging the ALJ's March 25, 2008 decision denying Miles's claim for benefits.  On April 8, 2011, the district court issued a decision reversing the ALJ's decision and remanding for a calculation of benefits.  *Miles* ex rel. *J.M. v. Astrue*, 775 F. Supp. 2d 715 (S.D.N.Y. 2011).  On October 3, 2011, the district court denied Miles's application for EAJA fees reasoning that "the Commissioner has satisfied his burden of showing that his position had a reasonable basis in law and fact."  *Miles* ex rel. *J.M. v. Astrue*, No. 09-civ-

2

10296 (GWG), 2011 WL 4597544, at *1 (S.D.N.Y. Oct. 3, 2011). The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Under the EAJA, the prevailing party in a civil suit against the government will be awarded attorney's fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To be "substantially justified" the position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person," and it must have a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988) (citations and internal quotation marks omitted). When analyzing the government's position, both the underlying agency determination affecting the party and the government's litigation strategy in defense of the

3

determination are considered. 28 U.S.C. § 2412(d)(2)(D); *Smith v. Bowen*, 867 F.2d 731, 734 (2d Cir. 1989). We apply a deferential standard of review in determining whether EAJA fees are appropriate because some of the elements bearing on whether the government's position was substantially justified "may be known only to the district court," and the "district court may have insights not conveyed by the record." *Pierce*, 487 U.S. at 560.

The district court did not abuse its discretion in concluding that the government's position had a reasonable basis in law and fact. As the district court noted, there was evidence in the record to support the government's position on the decisive issue—whether J.M. had less than a marked limitation in the domain of interacting and relating with others.

Miles counters that the government's position cannot be substantially justified because the district court's denial of fees on the ground that the case was "a close one" is "wholly irreconcilable" with its merits decision in which it found that the record contained "almost no evidence to support [the ALJ's] finding with respect to the decisive issue in the case." Appellant's Br. at 14. But Miles ignores that the merits decision and fees decision are

4

governed by different standards.  As we have noted, "there is no congruence between the 'substantial evidence' standard and the 'substantially justified' standard." *Sotelo-Aquije v. Slattery*, 62 F.3d 54, 58 (2d Cir. 1995).  Thus, "a reversal based on the hazy contours of the substantial evidence rule does not necessarily mean that the position of the Government was not substantially justified." *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988) (internal quotation marks omitted).

Miles also has not demonstrated that the government's position is without a reasonable basis in law.  First, Miles contends that the ALJ concluded that J.M.'s lack of behavioral problems precluded a finding of disability in direct contravention of Social Security Ruling 09-5p, 74 Fed. Reg. 7,515, 7,516 (Feb. 17, 2009).  But this ruling became effective in March 2009—exactly one year after the ALJ's denial of benefits.  *Id.* at 7,518.  The question of substantial justification is "not what the law now is, but what the Government was substantially justified in believing it to have been." *Pierce*, 487 U.S. at 561.  In any event, the ALJ did not hold that J.M. had less than a marked limitation in the domain of interacting and relating with others because he did not have behavioral problems.  Rather,

the ALJ was explaining that behavioral issues were among the pieces of evidence that "indicate[] a less than marked social limit," which is entirely consistent with the Social Security Ruling.  Tr. 26.

The ALJ's failure to consider 20 C.F.R. § 416.926a(e)(2)(iii) also does not establish that the government's position had no reasonable basis in law.  That regulation provides that a child will be found to have a "'marked limitation when [the child has] a valid score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain," and if the child's "day-to-day functioning in domain-related activities is consistent with that score." *Id.*  Miles argues that J.M.'s CELF-4 test qualifies as a comprehensive standardized test and, thus, "compelled a finding of marked limitation" in the domain of interacting with others.  Appellant's Br. at 18.  We disagree.

Even assuming that the CELF-4 test must be treated as a comprehensive standardized test in this domain, it does not follow that J.M. was disabled.  In order to meet the standard in the regulation, a child must also demonstrate that his "day-to-day functioning in domain-related

6

activities is consistent with that score."  20 C.F.R. § 416.926a(e)(2)(iii).  In this vein, the same evidence that provided support for the ALJ's decision that J.M. did not have a marked limitation in the domain of interacting and relating with others serves as a basis for showing that J.M.'s "day-to-day functioning in domain-related activities" was inconsistent with a marked limitation in the domain under 20 C.F.R. § 416.926a(e)(2)(iii).

This is not, as Miles contends, post hoc rationalization for the ALJ's decision.  Rather, it demonstrates that because the regulation does not compel a finding of disability based on one standardized test, Miles cannot establish that the ALJ's decision had no reasonable basis in law.  Indeed, other regulations reinforce that the existence of one test score does not entitle a claimant to a finding of disability as a matter of law.  *See* 20 C.F.R. § 416.924a(a)(1)(ii); *id.* § 416.926a(e)(4)(i)-(ii). Specifically, the ALJ is instructed to "consider all of the relevant information in [the] case record and will not consider any single piece of evidence in isolation."  *Id.* § 416.924a(a)(1)(ii).

We have considered Miles's remaining arguments and, after a thorough review of the record, find them to be without merit.

7

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk