21-1222-cv
*Criscitello v. Comm'r of Soc. Sec.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-two.

PRESENT:    BARRINGTON D. PARKER,
            JOSEPH F. BIANCO,
            MYRNA PÉREZ,

            *Circuit Judges.*

---

Jeaninne Criscitello,

    *Plaintiff-Appellant,*

    v.                                                21-1222-cv

Kilolo Kijakazi, Acting Commissioner of Social Security,

    *Defendant-Appellee.*

---

For Plaintiff-Appellant:               PETER A. GORTON, Lachman & Gorton, Endicott, NY.

For Defendant-Appellee:              TIMOTHY S. BOLEN, Assistant Regional Counsel, Social Security Administration,

Boston, MA (Lisa G. Smoller, Special Assistant U.S. Attorney; Michael J. Pelgro, Regional Chief Counsel – Region I, Office of the General Counsel, Social Security Administration, Boston, MA, *on the brief*), *for* Carla B. Freedman, United States Attorney, Northern District of New York, Syracuse, NY.

On appeal from the United States District Court for the Northern District of New York (Peebles, *Magistrate J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Jeaninne Criscitello appeals from the April 19, 2021 judgment of the United States District Court for the Northern District of New York (Peebles, *Magistrate J.*)[1] denying her application to seek an award of attorneys' fees from defendant-appellee Kilolo Kijakazi, the acting Commissioner of Social Security (as to Kijikazi, "Commissioner" and as to the Social Security Administration, "the agency") under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

Criscitello commenced this action in federal court after receiving a final agency determination from the Commissioner denying her applications for certain disability benefits under Titles II and XVI of the Social Security Act (the "SSA"). Following a hearing on the merits, without directing a finding of disability, the district court held that the agency's determination was not supported by substantial evidence and, accordingly, vacated the Commissioner's determination and remanded the case for further proceedings. Criscitello then filed a motion before the district court seeking attorneys' fees under the EAJA in the amount of $6,768.09, which the Commissioner

---

[1] The parties consented to the jurisdiction of Magistrate Judge Peebles for all proceedings.

2

opposed on the ground that the government's position defending the action was substantially justified. On April 19, 2021, the district court denied Criscitello's motion, holding that the government had met its burden. This appeal followed.[2] The sole issue on appeal is whether the district court abused its discretion in denying Criscitello's request for attorneys' fees under the EAJA. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to affirm.

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government "bears the burden of showing that its position was 'substantially justified.'" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007). To be substantially justified, the government's position must have a "reasonable basis both in law and fact," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted)—that is, the government must "make a strong showing that its action was justified to a degree that could satisfy a reasonable person," *Healey*, 485 F.3d at 67 (internal quotation marks omitted); *Env't Def. Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983) ("The test for determining whether the government's position is substantially justified is essentially one of reasonableness." (internal quotation marks omitted)). The outcome of the underlying case is not dispositive of whether the government's position was substantially justified, as "[c]onceivably, the Government could take a position that is not substantially justified, yet win . . . , [or] it could take a position that is substantially justified, yet

---

[2] On remand, and after this appeal was filed, the agency found Criscitello disabled.

3

lose." *Pierce*, 487 U.S. at 569. A court reviewing the "position of the United States" looks to both "the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *see Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 82 (2d Cir. 2009). Moreover, a "court should not perform separate evaluations of the Government's position at each stage of the proceedings," *United States v. $19,047.00 in U.S. Currency*, 95 F.3d 248, 251 (2d Cir. 1996), but instead, make "only one threshold determination for the entire civil action," *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 159 (1990).

A district court's determination that the government's position in defending the agency was "substantially justified" is reviewed for abuse of discretion. *Pierce*, 487 U.S. at 559; *Healey*, 485 F.3d at 67; *$19,047.00 in U.S. Currency*, 95 F.3d at 251. This deferential standard of review is appropriate "because some of the elements that bear upon whether the Government's position *was* substantially justified may be known only to the district court." *$19,047.00 in U.S. Currency*, 95 F.3d at 251 (internal quotation marks omitted).

The crux of Criscitello's argument on appeal is that: (1) the administrative law judge ("ALJ") improperly weighed the medical opinion evidence—specifically, affording too much weight to the report of state agency psychologist Dr. Chapman—in determining that Criscitello was not disabled under the SSA; and (2) the government misrepresented the law while defending the ALJ's decision on appeal. After reviewing the record, we conclude that it was not an abuse of discretion for the district court to find that the government's position was substantially justified.

Although it is undisputed that the ALJ's disability determination was not supported by substantial evidence, the district court determined that, "on balance," the government's position in defending the ALJ's decision to accord great weight to Dr. Chapman's report was not

4

unreasonable. App'x at 15. There is ample basis in the record for the district court's determination. For example, in defending this decision before the district court, the government carefully reviewed the ALJ's evaluation of the other evidence, including analyzing the weight given to the other medical opinions presented. The district court's order did not explicitly reference each of these points by the government, but it did note that its determination that the government's position was substantially justified was reached after a "careful[] review[]" of the record. App'x at 17. In addition, the district court emphasized the "closeness" of the underlying action. App'x at 13. Under this deferential standard of review that we must apply, we find no basis to conclude that the district court abused its discretion in reaching its decision. *$19,047.00 in U.S. Currency*, 95 F.3d at 251 (stating that, even after determining that an agency's decision was incorrect, "a district court could still conclude that the Government agency's position was substantially justified by considering the closeness of the [legal] question [and] the particular circumstances of the case"); *see also Miles ex rel. J.M. v. Astrue*, 502 F. App'x 59, 60 (2d Cir. 2012) ("[S]ome of the elements bearing on whether the government's position was substantially justified 'may be known only to the district court,' and the 'district court may have insights not conveyed by the record.'" (quoting *Pierce*, 487 U.S. at 560)).

We find Criscitello's arguments to the contrary unpersuasive. In particular, Criscitello contends that it was unreasonable for the ALJ to give "great weight" to Dr. Chapman's report because "Chapman provided no explanation" for her findings. Appellant's Br. at 25. As an initial matter, this argument conflates the substantial evidence standard (which is used to determine whether an ALJ's decision has sufficient support in the record) with the substantial justification standard relevant here. As we have noted, "there is no congruence between the 'substantial evidence' standard and the 'substantially justified' standard." *Sotelo–Aquije v. Slattery*, 62 F.3d

54, 58 (2d Cir. 1995). Accordingly, "a reversal based on the hazy contours of the substantial evidence rule does not necessarily mean that the position of the Government was not substantially justified." *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988) (internal quotation marks omitted). In any event, contrary to Criscitello's suggestion, Dr. Chapman did provide some basis for her findings, although the district court ultimately concluded that the ALJ's reasoning regarding the weight given to those findings was inadequate.

Moreover, to the extent that Criscitello focuses on the legal error the ALJ made with respect to the misapplication of the regulatory definition of "moderate," we likewise conclude that there was no abuse of discretion for the district court to find that neither this error, nor the government's defense of it, was dispositive on the issue of whether the government's overall position was substantially unjustified. The discussion of the definition of "moderate" was not the focus of the ALJ's analysis. Accordingly, in light of the record as a whole, this single legal error was not "sufficiently unreasonable by itself to render the entire Government position not 'substantially justified.'" *$19,047.00 in U.S. Currency*, 95 F.3d at 252; *see id.* at 251 ("[A] court should not perform separate evaluations of the Government's position at each stage of the proceedings."); *see also Miles ex rel. J.M.*, 502 F. App'x at 60 (holding that "[t]he district court did not abuse its discretion" as "there was evidence in the record to support the government's position *on the decisive issue*" (emphasis added)). Accordingly, we conclude that the district court did not abuse its discretion in its determination that the government's position was substantially justified and thus, that Criscitello was not entitled to attorneys' fees under the EAJA.

\*          \*          \*

6

We have reviewed Criscitello's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court