**Mary COHEN, Plaintiff–Appellant,**

v.

**Otis BOWEN, Secretary of Health and Human Services, Defendant–Appellee.**

No. 446, Docket 87–6206.

United States Court of Appeals, Second Circuit.

Argued Dec. 2, 1987.

Decided Jan. 25, 1988.

Bonnie Garone, New York City (Weil, Gotshal & Manges, of counsel) for plaintiff-appellant.

Diogenes P. Kekatos, Sp. Asst. U.S. Atty., for defendant-appellee.

Before KAUFMAN, MINER and DAVIS,* Circuit Judges.

DAVIS, Circuit Judge:

Following her successful court challenge of an adverse decision of the Social Security Administration (SSA), plaintiff-appellant Mary Cohen applied for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The district court determined that the position of the Government in defending the agency was substantially justified, and therefore declined to award attorney fees. Mrs. Cohen has brought this appeal.

## I.

The EAJA permits parties who successfully challenge Government actions in the courts to recover the costs of the litigation when the legal position taken by the Government in defending the action is not "substantially justified."[1] In this case, the Government chose to defend against appellant's successful appeal of an administrative decision denying her relief from repayment of a windfall in benefits. The question here is whether that position was substantially justified.

Mrs. Cohen first received social security retirement benefits on her own account in 1963. When her husband, Sidney Cohen, died in 1968, she received widow's benefits, apparently on her husband's account. She remarried in 1971. Coincidentally, her second husband's last name was also Cohen. When the second Mr. Cohen died in 1980, she applied for widow's benefits on his account. At this time it was discovered that the appellant had continued to receive widow's benefits on the account of the first Mr. Cohen throughout the period of her marriage to the second Mr. Cohen. Under the law applicable between 1971 and 1979, her widow's benefits on the account of her first husband should have been reduced when she remarried.[2]

---

* Honorable Oscar H. Davis, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

1. "[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

2. Effective January 1979 the law was amended to enable a widow to receive the full amount on the deceased husband's account even though she has remarried. 42 U.S.C. § 402(e)(2)(A) (1982 & Supp. III 1985).

The SSA notified the appellant that she had been overpaid by $7,175.40, and began to recover that overpayment by deducting $81 per month from her benefits. Mrs. Cohen applied to have this recoupment waived, claiming that her failure to report her remarriage was innocent, and that the recoupment would cause her serious economic hardship. Under 42 U.S.C. § 404(b), the repayment will be excused where the recipient of the overpayment was "without fault" and recovery of the overpayment would "defeat the purpose" of the Social Security Act or "would be against equity and good conscience." An overpaid beneficiary may be found to be at fault, and thus not entitled to a waiver, for "(b) Failure to furnish information which he knew or should have known to be material; or (c) ... [A]cceptance of a payment which he either knew or could have been expected to know was incorrect." 20 C.F.R. § 404.507(b)–(c) (1984). Recovering an overpayment will "defeat the purpose" of the Act when the individual "needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary living expenses." 20 C.F.R. § 404.508(b).

A hearing was held before an Administrative Law Judge (ALJ) on the issue of whether recoupment should be waived. Appellant testified that, although she was aware that remarriage should be reported to the SSA, her new husband had told her that he would take care of it and she assumed that he had done so. She said that she had never realized that she had been receiving widow's benefits on her first husband's account, but rather had believed all along that she was receiving payments on her own account. There was no documentary evidence that she had ever applied for widow's benefits when her first husband died. She received correspondence and payments from the SSA bearing her own social security number and the suffix "A", SSA code for payments on one's own account.

The ALJ, however, did not find this evidence to be persuasive. He denied her petition after concluding that she was not without fault because she had failed to furnish information about her remarriage which she knew or should have known affected her payments and accepted payments which she knew or should have known were incorrect. His opinion noted that all social security recipients are given legal notices concerning their reporting responsibilities when they apply for benefits and in periodic mailings that accompany benefit checks, and emphasized Mrs. Cohen's admission that she knew that the SSA should be notified of any remarriage.

## II.

When the ALJ's decision became final, appellant brought an action under 42 U.S.C. § 405(g) asking the United States District Court to review the Secretary's denial of her request for waiver of recoupment. Both parties moved for a judgment on the pleadings and the case was referred to a magistrate for a Report and Recommendation. In her report the magistrate recommended reversal of the Secretary's decision. The magistrate found nothing in the record to support the ALJ's holding that Mrs. Cohen knew or should have known that failure to inform the SSA of her remarriage would affect her benefits or that the payments she received were incorrect. The reasoning was that as long as Mrs. Cohen believed she was receiving her benefits only on her own account, there was no cause for her to suspect that failure to report her remarriage would affect those benefits or that the payments were incorrect. Since there was no evidence in the record controverting Mrs. Cohen's testimony, there was no substantial evidence supporting the finding that she was at fault. Her admission that she knew she had to report her remarriage to the SSA did not necessarily imply knowledge that informing the SSA of her marriage would reduce her benefits. The report also noted that the record had established, and the Secretary had conceded, that recoupment would impose a hardship on Mrs. Cohen that would "defeat the purpose" of the Act within the meaning of 20 C.F.R. § 404.508.

The Government did not object to the magistrate's Report and Recommendation.

The district court then entered an order reversing the decision of the Secretary and ordering the Secretary to restore Mrs. Cohen's full monthly benefits and refund the amount that had been deducted.

### III.

Having prevailed in her suit to overturn the Secretary's decision on waiver of recoupment, appellant applied for attorney fees under the EAJA. The Government opposed granting such fees, contending that the position of the Government had been substantially justified, and that the EAJA thus precluded the awarding of fees. 28 U.S.C. § 2412(d)(1)(A).

In her opinion, Judge Motley reviewed the standard for determining whether the position taken by the Government in litigation is substantially justified:

> The test for determining whether a position is "substantially justified" is one of reasonableness, and the Government has the burden of demonstrating reasonableness by a "strong showing." *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983). In assessing the reasonableness of the Government's position, the court must examine the full course of litigation.... The legislative history of the [EAJA] indicates that the substantial justification standard "should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case." H.R.Rep. No. 96–1418, 96th Cong., 2d. Sess., 11 (1980), *reprinted in* 1980 U.S. Code Cong. & Admin. News, 4984, 4990. Rather, the standard
>
>> is intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous. At the same time, the language of the section protects the government when its case, though not prevailing, has a reasonable basis in law and fact.

> *Id.* at 14, 1980 U.S. Code Cong. & Admin. News at 4993.

Thus, the standard to be applied in EAJA fee applications is a "middle ground" between the automatic awarding of fees to a prevailing party, and the allowance of a fee award only where the government action is arbitrary and frivolous. *Zimmerman v. Schweiker*, 575 F.Supp. 1436, 1439 (E.D.N.Y.1983) [additional references omitted].

*Cohen v. Bowen*, No. 83 Civ. 3963, slip op. at 5–6, (S.D.N.Y. Mar. 4, 1987) [Available on WESTLAW, 1987 WL 7737].

Guided by these principles, the court analyzed the position taken by the Government in defending the ruling of the Secretary. Although the determination by the Secretary that the plaintiff was "at fault" was ultimately found not to be supported by substantial evidence, there was substantial and uncontroverted evidence for the ALJ's underlying finding that the plaintiff had in fact failed to report material information to the SSA. Furthermore, the critical question of scienter was a close one in this case. The court ruled that even though the position of the Government in initially defending the Secretary's ruling[3] was not persuasive, it was not unreasonable in fact or law, nor "devoid of legal or factual support," *Kirkland v. Railroad Retirement Bd.*, 706 F.2d 99, 105 (2d Cir.1983), so as to mandate an award of attorney fees to the plaintiff under EAJA.[4]

In her opinion Judge Motley considered the apparent paradox that a Government decision to defend an administrative action may be substantially justified although the challenged administrative ruling was found on review to be unsupported by substantial evidence. She correctly concluded that a reversal based on the "hazy contours of the 'substantial evidence' rule" does not necessarily mean that the position of the Government was not substantially justified. *Co-*

---

**3.** The court pointed out as "important to note" that the Government chose not to appeal the district court's reversal of the departmental determination.

**4.** As noted *supra,* Judge Motley also observed that the correct standard is a "'middle ground' between the automatic awarding of fees to a prevailing party, and the allowance of a fee award only where the government is arbitrary and frivolous."

*hen v. Bowen*, No. 83 Civ. 3963, slip op. at 7 (S.D.N.Y. Mar. 4, 1987). She noted that since a social security appeal usually will be reversed only if the court finds the Secretary's position to lack substantial evidence, the practical effect of viewing "substantial evidence" and "substantially justified" as synonymous would be that attorney fee awards would become automatic in virtually all successful social security appeals. This would be contrary to the clearly expressed intent of Congress that fees under the EAJA not be awarded automatically whenever the plaintiff prevails against the Government.

## IV.

Appellant has challenged the standard used to determine whether the Government's position in litigation is substantially justified. It is urged that this circuit adopt a stricter standard than mere reasonableness, and then argued that, when the proposed stricter standard is applied to the facts of this case, the position of the Government would not be substantially justified. Appellant has not spelled out precisely how this stricter standard would be formulated, but proposes that the Government position must have a sound basis in fact and law and be "more than simply reasonable."

This circuit has repeatedly interpreted the "substantially justified" standard to be essentially a standard of reasonableness. *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d at 1085; *Sierra Club v. U.S. Army Corps of Engineers*, 776 F.2d 383, 393 (2d Cir.1985), *cert. denied sub nom. New York State Dep't of Transp. v. Sierra Club*, 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986). Appellant argues that a change in the standard is required because when Congress reenacted the EAJA in 1985,[5] the House Judiciary Committee Report contained language that suggested a Congressional intent to adopt a

more stringent standard. The Government counters with a long list of other statements in the legislative history indicating that there was no intent to change the standard. *See Russell v. National Mediation Bd.*, 775 F.2d 1284, 1288–89 (5th Cir. 1985); *Federal Election Comm'n v. Rose*, 806 F.2d 1081, 1089–90 (D.C.Cir.1986). However, we need not resolve that question now. The position of the Government was substantially justified regardless of whether the "reasonableness" test or a more stringent one is used to define the meaning of the statutory phrase "substantially justified." *See, e.g., Rosado v. Bowen*, 823 F.2d 40, 42 (2d Cir.1987).

It is undisputed that Mrs. Cohen knew that she ought to report her remarriage to the SSA, and that she failed to do so. The determination of fault hinges on whether Mrs. Cohen really believed that she was receiving benefits on her own account and whether she had any reason to suspect that her new marital status would affect her benefits. The main evidence on the critical question of scienter was the uncontroverted but uncorroborated testimony of the appellant. The decision is thus based on an assessment of the appellant's credibility. If a fact finder were to accept the appellant as a credible witness, then her story and the remaining evidence in the record would be fully consistent in supporting the conclusion that her actions were without fault. However, if a finder of fact were to conclude that the appellant was not being completely truthful, then the entire record could be rationally viewed as consistent with fault on her part. The finder of fact at the district court level resolved all questions of credibility in favor of Mrs. Cohen, which supported the finding that there was no substantial evidence of fault. However, we cannot say that it would be unreasonable to resolve issues of credibility against the plaintiff and come to the opposite con-

---

**5.** The EAJA as passed in 1980 contained a "sunset" provision which directed that the statute would expire on October 1, 1984. Pub.L. No. 96–481, § 204(c), 94 Stat. 2329 (1980). The statute was reenacted and made permanent on Au-

gust 5, 1985 in a slightly amended form. Pub.L. No. 99–80, 99 Stat. 183–187 (1985). The "substantially justified" language of 28 U.S.C. § 2412(d)(1)(A) was not changed when the law was reenacted.

clusion on fault, as the ALJ did.[6] This is true whether the standard is "reasonableness," or the stronger standard of "a sound basis in law and fact and more than simply reasonable." Under either criterion, the position of the Government can properly be viewed as substantially justified.

The order of the district court is affirmed.

---

6. The ALJ found that Mrs. Cohen's statement that she believed the benefits she was receiving were always retirement insurance benefits "is not persuasive." Judge Motley's opinion stressed that the Government had pointed out "the closeness of the crucial question of scienter in this case."