Patricia WILLIAMS, Appellant

v.

Michael J. ASTRUE, Commissioner of Social Security.

No. 09–1471.

United States Court of Appeals, Third Circuit.

Argued Nov. 5, 2009.

Filed Dec. 4, 2009.

Robert Savoy, Esq. (Argued), Trevose, PA, for Appellant.

Allyson Jozwik, Esq. (Argued), Eric P. Kressman, Esq., Social Security Administration, Philadelphia, PA, for Appellee.

Before: SCIRICA, Chief Judge, JORDAN and COWEN, Circuit Judges.

OPINION

COWEN, Circuit Judge.

Patricia Williams appeals an order denying her request for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. We will affirm.

## I. Background

Patricia Williams applied for disability insurance benefits, which the Social Security Administration denied. She appealed and attended a hearing before an Administrative Law Judge ("ALJ"). She testified as did an independent Vocation Expert ("VE"). At the conclusion of the hearing, the ALJ denied her claim, which the Appeals Council affirmed. Williams sought review in the District Court asserting that several of the ALJ's findings were not supported by substantial evidence. The District Court rejected each of Williams' arguments with the exception of one, and remanded for further findings on that issue. The District Court agreed with Williams that the ALJ's findings with respect to Williams' ability to perform her past relevant work were not supported by the substantial evidence.

To properly evaluate Williams' EAJA fee application, some background on this issue is necessary. In denying benefits, the ALJ determined that Williams was able to perform light duty and that her past relevant work consisted of positions requiring light duty. The ALJ supported this conclusion with testimony purportedly from the VE. According to the ALJ, the VE's testimony indicated that "based upon the claimant's residual functional capacity, the claimant could return to her past relevant work as an automobile service advisor, retail store manager, and/or office clerk . . . ." (App. 21.) The VE's testimony varies remarkably from the ALJ's recollection. The VE indicated that the statutory definition of the positions that Williams previously held constituted light work; however, the VE noted that if Williams' testimony regarding her actual

duties was fully credited, the positions required medium-duty work. Further, the VE indicated that if Williams' testimony regarding pain and limitations was fully credited, Williams could not perform any work.

Williams asserted in the District Court that the ALJ misstated the VE's testimony and failed to address the discrepancy between the exertional levels required of her past relevant work, as set forth in the statutory definitions of those positions, and as the VE testified. The government conceded that the ALJ misstated the VE's testimony, but asserted that remand was unnecessary, as the ALJ's finding could be affirmed under an alternative theory. According to the government, the VE's testimony was not essential to the ALJ's conclusion as the ALJ could support her finding entirely by other evidence in the record, which would yield the same result—that Williams was able to perform her past relevant work.

The District Court concluded that a "remand is warranted ... for the ALJ to explain her conclusion that the plaintiff is capable of performing past relevant work" as the ALJ offered no explanation as to the discrepancy between her recollection and the VE's actual testimony. (App. 102.) Additionally, the court noted that the VE's definition of plaintiff's past relevant work required an exertional level that was higher than that contained in the statutory definitions. The statutory description states that light duty is required of automotive service advisors and retail managers; however, the vocation expert testified that an automotive service advisor position required a level of duty "above light" and a retail manager position required "at least medium" duty. (Id.) The court concluded that "the ALJ's failure to identify this conflict or recognize that she had rejected the VE's description of the exertional lev-

els of these occupations warrants remand." (Id.)

Williams then moved for attorneys' fees pursuant to the EAJA. The sole issue before the court was whether the government's position was "substantially justified" as Williams met the other requirements for an award of fees. The District Court found that the under the "totality of the circumstances" the government's position was substantially justified. The District Court denied Williams' request for attorneys' fees and this appeal followed. The sole issue on appeal is whether the District Court erred in finding that the government's position was substantially justified.

## II. Standard of Review

■ "The district court's determination of substantial justification in a suit under the EAJA is reviewed for abuse of discretion." *See Morgan v. Perry*, 142 F.3d 670, 682 (3d Cir.1998) (citing *Pierce v. Underwood*, 487 U.S. 552, 560, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "An abuse of discretion arises when 'the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir.1993) (quoting *N.L.R.B. v. Frazier*, 966 F.2d 812, 815 (3d Cir.1992)).

## III. Discussion

■ Under the EAJA, a prevailing party in a litigation against the government shall be awarded "fees and other expenses ... incurred by that party ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A position is substantially justified if it is "justified in substance or in the main—that

is, justified to a degree that could satisfy a reasonable person." *Pierce,* 487 U.S. at 565, 108 S.Ct. 2541. Stated differently, a government position is substantially justified "if it has a reasonable basis in both law and fact." *Hanover Potato,* 989 F.2d at 128. To defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan,* 142 F.3d at 684 (citing *Hanover Potato,* 989 F.2d at 128).

■■ It is well-settled in this circuit that "a court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." *Morgan,* 142 F.3d at 685. "The EAJA is not a 'loser pays' statute"; rather, courts should limit their inquiries to whether the government's position was reasonable under the facts and the law. *Id.* ("The inquiry into reasonableness for EAJA purposes may not be collapsed into the antecedent evaluation of the merits, for EAJA sets forth a distinct legal standard.").

■ The government's position consists of both its prelitigation agency position and its litigation position. As other circuits have recognized, when determining whether the government's position is substantially justified, "we must . . . arrive at one conclusion that simultaneously encompasses and accommodates the entire civil action." *Jackson v. Chater,* 94 F.3d 274, 278 (7th Cir.1996) (affirming the denial of fees as the government's position on the whole was substantially justified); *see also Roanoke River Basin Assoc. v. Hudson,* 991 F.2d 132, 139 (4th Cir.1993) ("[W]e conclude that when determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation."). Moreover, "a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified." *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir.2009).

■ The District Court properly concluded that the government's position was substantially justified. The District Court found just one error with the ALJ's decision and that particular error is inconsequential, as the ALJ had the ability to reach the same conclusion on remand based on other evidence in the record. Under these circumstances, we conclude that the government's position was substantially justified.

## IV. Conclusion

We affirm the District Court's order denying attorneys' fees under the EAJA.