09-1699-cv
Mancuso v. Astrue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of January, two thousand ten.

PRESENT:  RALPH K. WINTER,
              REENA RAGGI,
              DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

-------------------------------------------------------------------

YVETTE MANCUSO,
                *Plaintiff-Appellant,*

        v.                                No. 09-1699-cv

MICHAEL J. ASTRUE, Commissioner of Social Security,
                *Defendant-Appellee.*

-------------------------------------------------------------------

APPEARING FOR APPELLANT:      MARK SCHNEIDER, Plattsburgh, New York.

APPEARING FOR APPELLEE:      SOMMATTIE RAMRUP, Special Assistant United States Attorney (Stephen P. Conte, Acting Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, *on the brief*) *for* Andrew T. Baxter, Interim United States Attorney for the Northern District of New York.

Appeal from the United States District Court for the Northern District of New York (Randolph F. Treece, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on March 31, 2009, is AFFIRMED.[1]

Yvette Mancuso appeals from a district court order affirming the Commissioner of Social Security's (the "Commissioner") denial of her application for disability insurance and supplemental security income benefits under the Social Security Act. We assume the parties' familiarity with the district court's detailed and thoughtful memorandum of March 31, 2009, as well as the facts and record of prior proceedings, including the findings of Administrative Law Judge ("ALJ") Carl E. Stephan. We reference these materials only as necessary to explain our decision to affirm.

1.    <u>Standard of Review</u>

"When a district court has reviewed a determination of the Commissioner, we review the administrative record <u>de novo</u> to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." <u>Poupore v. Astrue</u>, 566 F.3d 303, 305 (2d Cir. 2009) (internal quotation marks and alteration omitted); <u>see also</u> 42 U.S.C. § 405(g) (providing that Commissioner's

---

[1] This case was assigned to Magistrate Judge Randolph Treece on January 25, 2007 with the consent of both parties.

2

factual findings are conclusive if supported by substantial evidence). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

    2.    Residual Functional Capacity

    a.    Burden of Proof

Mancuso argues that the Commissioner failed to prove at the fifth and final step of the "sequential evaluation process" used to determine disability, see 20 C.F.R. § 404.1520(a), that she retained the residual functional capacity ("RFC") sufficient to meet the demands of light work. We note at the outset the parties' dispute over the relevant burden of proof. The Commissioner urges application of regulations passed in 2003 that clarify that at step five, "the Commissioner need only show that there is work in the national economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity." Poupore v. Astrue, 566 F.3d at 306; see also 20 C.F.R. § 404.1560(c)(2). Mancuso argues that this regulation does not apply to her case, as she alleges a disability arising before 2003. She asserts that the Commissioner was obliged to prove her RFC to perform light work. We left this question open in Poupore v. Astrue, 566 F.3d at 306, and need not conclusively decide the issue here because the ALJ's determination that Mancuso could perform light work was supported by substantial evidence.[2]

_____

    [2] In light of this conclusion, we need not address the Commissioner's argument that Mancuso waived her burden challenge.

b.     Treating Physician Rule

Mancuso claims that the ALJ's findings with respect to her ability to perform light work are infected by his failure to apply the "treating physician rule." The argument is without merit. It is true, as Mancuso argues, that treating physicians noted pain, depression, and anxiety, but these observations were accepted by the ALJ and incorporated into his analysis. His determination that these concerns did not rise to a level sufficient to preclude work was supported by substantial evidence, as discussed in the next section.

c.     Substantial Evidence of Mancuso's Ability to Perform Light Work

Light work requires the ability to lift up to 20 pounds occasionally, lift 10 pounds frequently, stand and walk for up to 6 hours a day, and sit for up to two hours. See 20 C.F.R. § 404.1567(b); Program Policy Statement, Titles II and XVI: Determining Capability To Do Other Work – The Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251, at *5-6. The ALJ's finding that Mancuso had the RFC to perform light work was supported by objective evidence of physical examinations at which physicians reported Mancuso's full range of motion and strength in her upper and lower extremities, ability to walk without difficulty, and lack of muscle atrophy. Further, upon review of all medical evidence, consulting physician Dr. Richard Goodman reported that Mancuso suffered no limitations in her ability to lift, carry, stand, walk, sit, push, or pull.

Mancuso argues that the ALJ nevertheless failed adequately to consider the effects of specific impairments, including fibromyalgia and obesity. We reject these arguments as

unsupported by the record, largely for the reasons stated by the district court. As to obesity, medical reports referencing Mancuso's weight failed to identify limitations therefrom, and, as already noted, no limitations sufficient to preclude light work were identified upon physical examination of Mancuso's overall condition. Thus, there is no factual basis for thinking that "any additional and cumulative effects of obesity" limited Mancuso's ability to perform light work. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00Q.

Mancuso's contention that her psychiatric impairments rendered her unable to work is similarly unsupported by the record. While Dr. Richard Liotta reported that Mancuso suffered "serious impairment in social and occupational functioning," R. at 274, the ALJ properly considered this evidence and ultimately concluded that the impairment did not preclude Mancuso from performing light work. This determination is substantially supported by the reports of Drs. Annette Payne, Richard Weiss, and Aaron Satloff. Dr. Satloff, who was subject to written cross-examination, stated that Mancuso had no limitation in her ability to understand, remember, and carry out short, simple instructions or to interact appropriately with co-workers and supervisors. See 20 C.F.R. § 404.1520(c) (stating that impairment must "significantly limit[] . . . physical or mental ability to do basic work activities" to constitute "severe impairment" required for disability finding).

Mancuso asserts that the ALJ improperly discounted her subjective allegations of pain in assessing RFC. We disagree. The ALJ accepted Mancuso's pain as a factor limiting her abilities and precluding heavy work. Nevertheless, his determination that the pain was not

5

sufficient to preclude light work was supported by the objective medical evidence and by the reports of Dr. Amelita Balagtas and Dr. Goodman.[3] See Aponte v. Sec'y, Dep't of Health & Human Servs. of U.S., 728 F.2d 588, 591 (2d Cir. 1984).

On the totality of the record, we conclude that substantial evidence supports the ALJ's determination that Mancuso can perform light work.[4]

3.     The Vocational Expert

To the extent the ALJ relied on a vocational expert to make the findings required by 20 C.F.R § 404.1560(c)(2), Mancuso argues further that the hypothetical provided to the vocational expert failed accurately to reflect her impairments.  The argument fails because the ALJ's hypothetical mirrored Mancuso's RFC, which, as described supra Part.2c, was supported by substantial evidence in the record.  The Commissioner may rely on a vocational expert's testimony concerning the availability of jobs suited to a hypothetical person's capabilities so long as the hypothetical is based on substantial evidence.  See Dumas v.

---

[3] Like the district court, we reject as unsubstantiated Mancuso's argument that the reports and testimony of Dr. Goodman were tainted by bias.

[4] That Mancuso received a favorable decision on a subsequent application for benefits does not alter our analysis, as the ALJ in the second case based his determination that Mancuso was disabled as of May 31, 2006, on medical evidence produced after this case was decided.  See Pollard v. Halter, 377 F.3d 183, 193 (2d Cir. 2004) (observing that new evidence is material only where there exists "a reasonable possibility that the new evidence would have influenced the Commissioner to decide claimant's application differently" (internal quotation marks and alteration omitted)).

<u>Schweiker</u>, 712 F.2d 1545, 1553-54 (2d Cir. 1983).  Thus we conclude that the ALJ's reliance on the vocational expert's testimony here was proper.

    4.      <u>Compliance with the Remand Order</u>

Mancuso's argument that the ALJ failed to comply with the Appeals Council remand order is unsupported by the record.  The remand order instructed the ALJ to (1) obtain updated medical records, (2) evaluate the severity and effects of Mancuso's mental impairments in accordance with applicable regulations, (3) reconsider Mancuso's RFC and provide a rationale for the resulting assessment based on the evidence, and (4) if warranted, obtain evidence from a vocational expert.  Like the district court, we conclude that the record reflects the ALJ's compliance with each of these instructions.

In sum, we conclude that the record provides substantial evidence to support the ALJ's denial of benefits.  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner."  <u>Veino v. Barnhart</u>, 312 F.3d 578, 586 (2d Cir. 2002).  We have considered all of Mancuso's remaining arguments and conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.


                FOR THE COURT:
                CATHERINE O'HAGAN WOLFE, Clerk of Court

                By:_____