Luisa SANTOS, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

No. 09 Civ. 4239 (VM).

United States District Court, S.D. New York.

April 14, 2010.

Steven Leon Banks, New York State Office of the Attorney General, Steven R. Banks, The Legal Aid Society (Civil Div. NYC), New York, NY, for Plaintiff.

Susan D. Baird, U.S. Attorney's Office, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Luisa Santos ("Santos") brought this action for review of the final determination by the Commissioner of So-cial Security (the "Commissioner") that Santos was no longer eligible for Supplemental Security Income ("SSI") benefits under the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g) ("§ 405(g)") and 1383(c)(3). The Commissioner now moves for judgment on the pleadings and Santos cross-moves for judgment on the pleadings. For the reasons discussed below, the Court grants in part and denies in part Santos's cross-motion, denies the Commissioner's motion, and remands this case to the Commissioner for further proceedings.

### I. BACKGROUND [1]

Santos initially applied for disabled child SSI benefits with the Social Security Administration ("SSA") on June 9, 1993 and was found to be disabled under the minor standard for disability. When Santos turned eighteen, SSA reviewed her case to determine whether she remained eligible for SSI benefits under the adult standard for disability. SSA determined that Santos was no longer disabled as of April 28, 2005 and informed her that her benefits would terminate in June 2005. After Santos's request for reconsideration was denied in an administrative review, Santos requested a hearing, which was held on February 13, 2008 (the "Hearing"). By decision dated February 27, 2008 (the "Decision"), the Administrative Law Judge ("ALJ") affirmed the SSA's decision to terminate Santos's SSI benefits.

On February 24, 2009, the SSA Appeals Council denied Santos's request for review and the Decision became final. Santos brought this action on April 17, 2009, seeking the Court's review of the Decision.

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Commission-

---

1. The facts summarized below are derived from the administrative record (the "Record"), which was filed by the Commissioner with his answer on September 15, 2009. Except where necessary, no further citation to the Record will be made.

er moved for judgment on the pleadings on November 9, 2009 ("Commissioner's Motion"), arguing that substantial evidence in the Record supports the ALJ's decision. Santos cross-moved for judgment on the pleadings on December 4, 2009 (the "Cross Motion"), contending that the ALJ had applied improper legal standards, that the Decision was not supported by substantial evidence, and that the matter should be reversed and remanded solely for the calculation of benefits.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

Section 405(g) provides that "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Alston v. Sullivan,* 904 F.2d 122, 126 (2d Cir.1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."). A fact is supported by substantial evidence when the supporting evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

### B. *DISABILITY DETERMINATION*

"Disability" is defined in the Act as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). If a claimant began re-

ceiving disability benefits as a child, her claim becomes subject to a new determination under adult disability standards upon reaching eighteen years of age. 20 C.F.R. § 416.987. Furthermore, an adult individual may be found disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

To determine whether an individual is disabled under the Act, an ALJ must utilize the five-step sequential evaluation process (the "Five Steps") for the adjudication of disability claims contained in 20 C.F.R. § 416.920. *See Shaw v. Chater,* 221 F.3d 126, 132 (2d Cir.2000); *DeChirico v. Callahan,* 134 F.3d 1177, 1179–80 (2d Cir.1998). First, the ALJ considers "whether the claimant is currently engaged in substantial gainful activity" ("Step One"). *Shaw,* 221 F.3d at 132. Second, if the claimant is not engaged in substantial gainful activity, the ALJ considers "whether the claimant has a 'severe impairment' which limits his or her mental or physical ability to do basic work activities" ("Step Two"). *Id.* Third, if the ALJ finds that the claimant does have a "severe impairment," the ALJ must determine "whether, based solely on medical evidence, [the] claimant has an impairment listed in Appendix 1 of the regulations" ("Step Three"). *Id.* If the claimant does have a listed impairment, the ALJ must find him disabled. *See id.* Fourth, if the claimant's impairment is not listed, the ALJ must consider whether, despite the claimant's severe impairment, he or she has the "residual functional capacity" ("RFC")[2] to "perform his or her

---

**2.** RFC refers to the most a claimant can still     perform in a work-related setting "despite

210

past work" ("Step Four"). *Id.* Finally, if the claimant's RFC does not enable him to perform his past work, the ALJ must consider "whether there is other work which the claimant could perform" ("Step Five"). *Id.*

At any step, if the Commissioner can make a finding that the claimant is disabled or not disabled, he must do so and the process need not continue. *See* 20 C.F.R. § 404.1520(a)(4). If the Commissioner cannot make such a determination, then he must continue to the next step. *Id.* The burden of proving the first four steps falls on the claimant. At Step Five, however, the Commissioner bears the burden of proving that despite the claimant's impairments, he or she is capable of performing work that is available in the national economy. *See Poupore v. Astrue,* 566 F.3d 303, 306 (2d Cir.2009). To determine whether jobs are available in the national economy, the Commissioner may take administrative notice of "reliable job information available from various governmental and other publications," including the Dictionary of Occupational Titles of the United States Department of Labor ("DOT"). 20 C.F.R. § 416.966(d).

## C. APPLICATION

The ALJ examined Santos's claim pursuant to the Five Steps. The ALJ determined that Santos had asthma, an affective disorder, and a learning disability. However, the ALJ found that Santos did not have a severe impairment or combination of impairments that met or equaled the requirements of a listed impairment.

Because Santos had not engaged in any past relevant work, the ALJ proceeded to Step Five of the sequential evaluation. The ALJ considered Santos's vocational profile and relied on the testimony of a

vocational expert ("VE"). The ALJ determined that Santos would be capable of working as a hand packer, small products assembler, or marker. Therefore, the ALJ found that Santos was not disabled within the meaning of the Act and determined that a finding of "not disabled" using the adult standards for disability was appropriate. Consistent with this finding, the ALJ affirmed SSA's decision to terminate Santos's SSI benefits.

### 1. The ALJ's Residual Functional Capacity Finding

■ Reviewing the Record as a whole, the Court finds there is substantial evidence to support the ALJ's determination that Santos had the RFC to perform low-stress work consisting of simple, one-or two-step tasks. The ALJ relied on Santos's prior testimony before an SSA Disability Hearing Officer in which she stated she was capable of working, could concentrate, remember, focus on tasks, and relate to others. The ALJ also relied on the opinion of a vocational evaluator who recommended that Santos could be employed in an office capacity provided she received significant initial support. Additionally, a consultative examiner opined that Santos could follow and understand simple instructions, maintain attention and concentration, perform single tasks independently, relate adequately with others, and deal appropriately with stress. *See Mongeur v. Heckler,* 722 F.2d 1033, 1039 (2d Cir.1983) ("[T]he report of a consultative physician may constitute [substantial] evidence.").

The Court also finds substantial evidence in the Record to support the ALJ's finding that Santos had the capacity to undertake work that did not require exposure to excessive pulmonary irritants. In

[his or her] limitations." 20 C.F.R. § 416.945. RFC is assessed "on all the relevant evidence in [the claimant's] case record." *Id.*

assessing Santos's physical capacity, the ALJ relied on the opinion of three physicians, all of whom evaluated Santos and determined she did not have any significant exertional limitations. The Record also contains testimony by Santos herself indicating that she experienced no difficulties handling routine functions of daily living and felt capable of performing work.

Santos alleges that the ALJ's decision omitted significant aspects of two reports filed by physicians working with the Vocational and Educational Services for Individuals with Disabilities ("VESID"), an organization administered by the New York State Education Department. The Court, however, is persuaded that the ALJ properly considered the findings and conclusions contained in the VESID reports. While the Decision did not quote the VESID reports in detail, the ALJ nevertheless cited the reports' contents to support his conclusion that Santos was not disabled within the meaning of the Act. An ALJ "is not required to discuss all the evidence submitted, and his failure to cite specific evidence does not indicate it was not considered." *Barringer v. Commissioner of Soc. Sec.*, 358 F.Supp.2d 67, 79 (N.D.N.Y. 2005) (citation and quotations omitted); *see also Mongeur*, 722 F.2d at 1040 ("When . . . the evidence of record permits [the Court] to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.").

### 2. *Santos's Ability to Perform Other Work Available in the Economy*

Santos also argues that, for two reasons, the Commissioner failed to meet his burden at Step Five of proving that she is capable of working. First, Santos claims that the hypothetical the ALJ posed to the VE did not fully take into account all of Santos's limitations. *See Melendez v. Astrue*, 630 F.Supp.2d 308, 319 (S.D.N.Y. 2009) ("If a hypothetical question does not include all of a claimant's impairments, limitations or restrictions, or is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability." (citation omitted)). Second, Santos alleges that a person with the limitations posed by the ALJ could not perform the DOT-defined reasoning levels for the jobs of packer, assembler, and marker, contrary to the VE's recommendation. Consequently, Santos alleges that the VE's testimony did not constitute substantial evidence and could not properly support the Decision.

Santos's first claim lacks merit. The Second Circuit has explained that court "decisions critical of hypotheticals that ask a vocational expert to assume a particular physical capability on the part of the claimant . . . address situations where there was no evidence to support the assumption underlying the hypothetical." *Dumas v. Schweiker*, 712 F.2d 1545, 1554 (2d Cir.1983). Here, however, the Record contains sufficient evidence to support a conclusion by the ALJ that Santos's limitations allow her to undertake low stress work not requiring more than minimum public contact and consisting of simple one- or two-step tasks. Specifically, the VESID reports, the opinion of a psychologist obtained at the SSA's request, and statements made by Santos and her mother all constitute substantial evidence and buttress the ALJ's finding. *See Mancuso v. Astrue*, 361 Fed.Appx. 176, 179 (2d Cir. 2010) ("The Commissioner may rely on a vocational expert's testimony concerning the availability of jobs suited to a hypothetical person's capabilities so long as the hypothetical is based on substantial evidence.").

■ The Court is persuaded, however, by Santos's second argument that the ALJ's Step Five findings were not based on substantial evidence. At the Hearing, the VE told the ALJ that his testimony did not conflict with the DOT'S standards, and testified that the DOT-defined jobs of packer, 920.587–018, assembler, 739.687–030, and marker, 209.587–034, were appropriate for a hypothetical individual limited to "simple one or two step tasks" and "simple instructions," a description commensurate with a DOT reasoning development level of one. Contrary to the VE's testimony, however, the DOT classifies all the jobs described under a reasoning development level of two, thus requiring the capacity to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Dictionary of Occupational Titles* 1011 (4th ed. 1991).

Deviations in a VE's testimony that fall short of "unexplained and direct contradiction[s] of the [DOT] reflect[ing] a careless mistake" may still constitute substantial evidence. *Jasinski v. Barnhart,* 341 F.3d 182, 186 (2d Cir.2003). In *Jasinski,* the Second Circuit explained that while "the [DOT] describes jobs as they are generally performed, an expert is often called upon to explain the requirements of particular jobs, and as such, his deviations from the [DOT] in such testimony do not actually 'conflict' with the [DOT]." *Id.* at 185. But *Jasinski* did not hold that a VE's testimony will always constitute substantial evidence where there is a conflict with the DOT definitions.

The instant case is distinguishable from *Jasinski* in two significant ways. First, *Jasinski'* s analysis related only to the Commissioner's Step Four findings, *i.e.,* whether the claimant has the RFC to perform past work. Here, the Court's inquiry pertains solely to Step Five, *i.e.,* whether there is work in the economy that Santos could perform. This distinction is important because at Step Four the VE usually has the opportunity to consider the claimant's description of past work. With this information, the VE may "then consider whether the claimant's present limitations foreclose[ ] a return to those precise activities." *Sanchez v. Barnhart,* 329 F.Supp.2d 445, 453 (S.D.N.Y.2004). By contrast, at Step Five, the VE is tasked with "making a general assessment of [the claimant's] ability to fill a generic job description as characterized by the DOT." *Id.* In the present case, unlike *Jasinski,* the VE's assertions were based on hypothetical characteristics described by the ALJ.

Second, in *Jasinski,* the VE's testimony to the ALJ explicitly addressed discrepancies between the claimant's past job and the relevant DOT generic job description. In the instant case, however, the VE did not inform the ALJ of potential discrepancies between his testimony and the DOT'S description of the jobs discussed. Instead, the VE stated that his answers were consistent with the DOT after listing jobs the DOT classifies as requiring a reasoning development level greater than that of the hypothetical individual the ALJ described. The VE's failure to notify the ALJ of a potential conflict between his testimony and the DOT generic job descriptions problematically "deprived the ALJ of an opportunity to inquire into the nature of the discrepancy and make a precise and informed decision in applying the ... evidence to the universe of jobs available in the economy, as required [by Step Five]." *Id.* at 453. Accordingly, the Court finds that the Commissioner failed to meet his burden to prove there is work in the economy that Santos is capable of performing.

### D. *NATURE OF THE REMEDY*

■ Santos argues that the Record warrants reversal and remand solely for the

calculation of benefits. Such a remedy is appropriate "where [a] Court has ... no apparent basis to conclude that a more complete record might support the Commissioner's decision...." *Rosa v. Callahan,* 168 F.3d 72, 83 (2d Cir.1999). However, in cases "where the ALJ failed to develop the record sufficiently to make appropriate disability determinations a remand for further proceedings that would ... plainly help to assure the proper disposition of the claim" may be proper. *Butts v. Barnhart,* 388 F.3d 377, 386 (2d Cir.2004) (citation omitted).

■ As explained above, the ALJ's determination that the Commissioner met his burden of proof at Step Five is not supported by substantial evidence. Because the VE failed to describe any jobs matching the posed hypothetical, a remand is appropriate to allow the ALJ to more fully develop the record and introduce evidence regarding jobs available to Santos despite her non-exertional limitations. Accordingly, the Court will remand this case for further consideration and clarification.

### III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that this case be remanded to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with the Court's decision; and it is further

**ORDERED** that the motion of plaintiff Luisa Santos for judgment on the pleadings and remand for calculation of benefits (Docket No. 9) is GRANTED in part and DENIED in part; and it is finally

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Docket No. 7) is DENIED.

The Clerk of Court is directed to withdraw any pending motions and to close this case, subject to its being reopened as appropriate following the proceedings on remand directed herein.

**SO ORDERED.**