Luisa SANTOS, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

No. 09 Civ. 4239 (VM).

United States District Court,
S.D. New York.

Nov. 15, 2010.

Steven Leon Banks, New York State Office of the Attorney General, Steven R. Banks The Legal Aid Society (Civil Div. NYC), New York, NY, for Plaintiff.

1. The Court assumes familiarity with the factual background of this case, as set forth in the April Order. Therefore, description of

Susan D. Baird, U.S. Attorney's Office, New York, NY, for Defendant.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Plaintiff Luisa Santos ("Santos") brought this action for review of the final determination by the Commissioner of Social Security (the "Commissioner") that Santos was no longer eligible for Supplementary Security Income ("SSI") benefits under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3). The Commissioner moved for judgment on the pleadings. Santos then cross-moved for judgment on the pleadings. By Decision and Order dated April 14, 2010 (the "April Order"), the Court granted in part and denied in part Santos's cross-motion, denied the Commissioner's motion, and remanded the case to the Commissioner for further proceedings. *See Santos v. Astrue,* 709 F.Supp.2d 207 (S.D.N.Y.2010).

Santos now moves for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 ("§ 2412"). For reasons discussed below, Santos's motion for attorneys' fees is GRANTED and the Commissioner is directed to pay $11,073.10 to Santos.

### I. *BACKGROUND* [1]

In 1993, when Santos was a child, the Social Security Administration ("SSA") determined that she was disabled under the minor standard for disability. Santos received SSI benefits for several years. When Santos turned eighteen years old, the SSA reviewed her case to evaluate whether she remained eligible for SSI benefits under the adult standard for disability. The SSA determined that she was not

factual and procedural history is limited to that which is relevant to the determination of an attorneys' fees award.

disabled under the adult standard and subsequently terminated her benefits. It also denied Santos's request for reconsideration in an administrative review. Santos then requested a hearing, which was held on February 13, 2008 (the "Hearing"). On February 27, 2008, the Administrative Law Judge ("ALJ") affirmed the SSA's decision (the "ALJ Decision"). On February 24, 2009, the SSA Appeals Council denied Santos's request for review and thus the ALJ Decision became final.

Santos then brought this action seeking the Court's review of the ALJ Decision. The Commissioner moved for judgment on the pleadings (the "Commissioner's Motion"), arguing that substantial evidence in the record supported the ALJ Decision. Santos cross-moved for judgment on the pleadings (the "Cross Motion"), contending that the ALJ applied improper legal standards, that the ALJ Decision was not supported by substantial evidence, and that the matter should, therefore, be reversed and remanded solely for the calculation of SSI benefits.

In its April Order, the Court concluded that the ALJ Decision's findings on the question of what types of work Santos could perform were not based on substantial evidence because the vocational expert (the "VE"), upon whose testimony the ALJ Decision relied, suggested jobs under the Dictionary of Occupational Titles ("DOT") that required a reasoning development level higher than that possessed by Santos. The ALJ Decision determined that Santos had a reasoning development level of one. At the Hearing, the VE testified that the DOT-defined jobs of a "packer," "assembler," and "marker" were appropriate for a hypothetical individual limited to a DOT reasoning development level of one. Contrary to the VE's testimony, however, the DOT classifies those jobs listed by the VE under a reasoning development level of two, which requires a higher capacity for job performance. Therefore, the Court remanded the case "to allow the ALJ to more fully develop the record and introduce evidence regarding jobs available to Santos despite her non-exertional limitations." *Santos,* 709 F.Supp.2d at 213.

Santos now seeks an award of attorneys' fees under the EAJA, § 2412, arguing that "[she] is a prevailing party, the pre-litigation and litigation position of [the SSA] was not substantially justified, and there are no special circumstances that would make an award [of attorneys' fees] unjust." (Plaintiff's Memorandum of Law in Support of Her Motion for Attorney's Fees ("Plaintiff's Mem.") at 1.) The Commissioner does not contest Santos's position that she is a prevailing party and that there are no special circumstances that make an award unjust. However, the Commissioner asserts that Santos is not entitled to an award under the EAJA because its position was "substantially justified." (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees ("Opposition Mem.") at 1.) In the alternative, the Commissioner argues that "the amount of fees awarded should be substantially reduced because the fees requested are excessive." (Opposition Mem. at 1.)

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

The EAJA provides that "a court shall award to a prevailing party [attorneys' fees in certain civil actions], including proceedings for judicial review of agency action, brought by or against the United States ... *unless* the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). The purpose of this provision of the EAJA is to "decrease the chance that certain individuals ... may be deterred from seeking

review of, or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights." *Green v. Bowen,* 877 F.2d 204, 206 (2d Cir.1989) (internal quotation marks omitted).

Under the EAJA, the Court must consider whether: (1) the claimant is a "prevailing party"; (2) the Government's position was "substantially justified"; (3) any "special circumstances make an award unjust"; and (4) the fee application was submitted within thirty days of final judgment in the action. *See Kerin v. United States Postal Serv.,* 218 F.3d 185, 189 (2d Cir. 2000) (*quoting* 28 U.S.C. § 2412(d)). Here, the Commissioner does not dispute that Santos is a prevailing party, that no special circumstances exist that would make an award unjust, or that Santos's application was timely filed. Therefore, the Court will only address the "substantially justified" factor.

B. *SUBSTANTIAL JUSTIFICATION*

■ A court shall award attorneys' fees under the EAJA "unless *the court finds* that the position of the United States was substantially justified." *Pierce v. Underwood,* 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for determining whether a position is "substantially justified" is one of reasonableness, and the Government has the burden of demonstrating reasonableness by a "strong showing." *Cohen v. Bowen,* 837 F.2d 582, 585 (2d Cir.1988) (*quoting Environmental Defense Fund, Inc. v. Watt,* 722 F.2d 1081, 1085 (2d Cir.1983)).

The Commissioner's position "can be justified even though it is not correct, and … it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct." *Pierce,* 487 U.S. at 566 n. 2, 108 S.Ct. 2541. Through this qualification, the EAJA "protects the government when its case, though not prevailing, has a reasonable basis in law and fact." *Cohen,* 837 F.2d at 585.

The ALJ has a responsibility to develop the record at the administrative level. *See Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir.1999). When the Court remands "on the ground that the evidence was insufficient to render a ruling, the question … is not whether the Commissioner was reasonable in not granting plaintiff's claim but whether or not the Commissioner was reasonable in denying her claim and pursuing his opposition to this litigation based on that very evidence." *Lewis v. Apfel,* 1998 WL 66012, at *2 (S.D.N.Y. Feb. 18, 1998).

■ Santos argues that the Commissioner "act[ed] unreasonably in relying on a record that did not comply with his own regulations [and in opposing] remand … despite the fact that the VE's testimony deviated significantly from the DOT without explanation." (Plaintiff's Mem. at 5, 6.) *See Encarnacion v. Barnhart,* No. 00 Civ. 6597, 2004 WL 102765, at *2 (S.D.N.Y. Jan. 21, 2004) (finding that a reasonable person could not have regarded record in question as complete, and that Commissioner was not justified in opposing remand, in light of obvious gaps and inconsistencies in record). The Commissioner contends that the ALJ, in accordance with Social Security Rulings, "asked the [VE] whether his testimony was consistent with the DOT, and the [VE] replied that it was, in fact, consistent [and] [t]he ALJ acted reasonably in accepting this testimony." (Opposition Mem. at 5.) The Commissioner also asserts that its position in litigation was reasonable because the "discrepancy between the [VE] testimony and the DOT was not the type of discrepancy that required remand" and that "the difference between a reasoning development of 1 and 2 … is a small difference." (*Id.* at 6.)

The Commissioner attempts to distinguish this case from *Mimms v. Heckler,*

750 F.2d 180 (2d Cir.1984), in which the Second Circuit remanded the case on the basis of inconsistent VE testimony. The Court is not persuaded. In *Mimms,* the claimant's vocational capacity was for "*sedentary,* semi-skilled positions" but the jobs selected by the VE, and relied upon by the ALJ, required the capacity to perform higher capacity "*light work.*" *Id.* at 186. The level of inaccuracy in VE testimony in *Mimms* is similar to that seen in this case where, after determining that Santos had a DOT reasoning development level of one, which comprises of "simple one or two step tasks" that require "simple instructions," the VE testified that Santos was capable of performing jobs listed under a DOT reasoning development level of two, which requires the ability to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions". *See Santos,* 709 F.Supp.2d at 212. Moreover, in this case, unlike in *Rutherford v. Barnhart,* 399 F.3d 546, 557 (3d Cir.2005), the VE did not cite the higher capacity jobs merely as examples among many, while also including appropriate jobs. Under these circumstances, the Court finds that the Commissioner's position was not "substantially justified."

Finally, the Commissioner contends that his position was substantially justified because "the government prevailed with respect to three of the four issues that were raised." (Opposition Mem. at 3.) However, the present case is not analogous to the cases on which the Commissioner relies. In the cases cited by the Commissioner, there were additional circumstances, absent in the present matter, which warranted a finding of substantial justification. In *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir.2009), the court found the Commission-

er's position to be substantially justified because the ALJ had the ability to reach the same conclusion on remand based on other evidence in the record. In *Williams v. Astrue,* 600 F.3d 299, 302 (3d Cir.2009), the Commissioner's error was similarly inconsequential to the ultimate finding. Lastly, in *Jackson v. Chater,* 94 F.3d 274, 278 (7th Cir.1996), there were other bases in the record upon which to make a finding of no disability.

Even considering the Commissioner's position in its entirety, as prescribed by *Roanoke River Basin Association v. Hudson,* 991 F.2d 132, 139 (4th Cir.1993), the Court finds that a reasonable person could not have regarded the record as an adequate one on which to base a decision, since the Commissioner failed to meet his burden at the Hearing to prove that there is work in the economy that Santos is capable of performing. *See Horton v. Barnhart,* 2004 WL 2375816, at *2 (S.D.N.Y. Oct. 21, 2004). Given that the Commissioner pursued litigation while fully aware that the VE had not cited a single job consistent with Santos's reasoning development level, the Court finds that the Commissioner's position was not substantially justified under the EAJA.

## C. *FEE CALCULATION*

The EAJA requires that the amount of fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Santos's attorney's proposed hourly rate of $171.98 [2] for 2009 is based on the aver-

---

**2.** Santos obtained the $171.98 figure from the "U.S. City Average" table. The Court believes that the category of "Northeast Urban," reflecting an average hourly rate of $175.75, would be more appropriate in this case. However, the Court uses Santos's lower figure in its fee determination.

age EAJA rate listed for 2009 by the Office of the General Counsel for Region II of the Social Security Administration. (See Plaintiff's Mem., Exhibit F.) Her proposed hourly rate of $175.16 for 2010 is an updated EAJA rate based upon the most recent Consumer Price Index[3] for All Urban Consumers (CPI–U) published by the U.S. Department of Labor, Bureau of Labor Statistics. (See Plaintiff's Motion, Exhibit G.) The Commissioner does not dispute these rates and the Court finds them to be reasonable.

■ Santos seeks a total of $11,073.10 in attorneys' fees for 63.7 hours of attorney work. The Commissioner contends that the fees requested by Santos are excessive and should be reduced, arguing that other district courts in this Circuit have frequently found that twenty to forty hours reflects a reasonable expenditure of time in an average Social Security disability case. *See, e.g., Hogan v. Astrue,* 539 F.Supp.2d 680, 682 (W.D.N.Y.2008) (finding that an expenditure of 54 hours was "slightly excessive" considering size of administrative transcript, relatively simple history of case, and substantive issues involved); *Cruz v. Apfel,* 48 F.Supp.2d 226, 231 (E.D.N.Y.1999) (holding that hours were excessive and that "district court has the discretion and the duty to determine what a reasonable number of hours was"). This standard, however, has not been used as a rigid prescription when awarding fees under the EAJA. *See, e.g., Guzman ex rel. Nelson v. Commissioner of Social Security,* No. 05 Civ. 6086, 2008 WL 1318920, at *2 (S.D.N.Y. Apr. 8, 2008) (granting fees for 70.40 hours of work at statutory rate where "case was neither novel nor complex[,] administrative record was only 116 pages [long, and] there was only one round of briefing"); *Trichilo v. Secretary of Health & Human Servs.,* 823 F.2d 702, 708

(2d Cir.1987) (affirming an award of the 55.2 hours claimed, including reasonable fees for litigating the fee application itself).

The Commissioner asserts that "the case was over-staffed with three attorneys, and that an excessive number of hours were [sic] expended on routine tasks." (Opposition Mem. at 9.) The Court agrees with the Commissioner in that Santos's reply brief did reiterate several arguments made in her initial brief. However, in her reply brief, Santos primarily focused on rebutting the Commissioner's arguments and distinguished her case from several others that were relied upon by the Commissioner in his opposition brief. Santos argues that she "should not be penalized, in the form of reduced attorney's fees, when in the absence of a settlement offer [even after the Commissioner became aware that the VE had not cited a single job consistent with Santos's development level], she had no choice but to litigate her claim." (Plaintiff's Memorandum of Law in Reply to the Commissioner's Memorandum in Opposition and in Further Support of Her Motion for Attorneys' Fees ("Plaintiff's Reply") at 6.)

The Court recognizes that many Social Security disability cases may require approximately twenty to forty attorney hours of work. However, the Court has discretion to grant an award that deviates from that range when doing so would be reasonable under the circumstances. *See Guzman ex rel. Nelson,* 2008 WL 1318920, at *2. The present case involved two rounds of briefing by Santos, both on the SSI benefits eligibility issue and the attorneys' fees claim. Therefore, the figure of 63.7 attorney hours requested by Santos in this case appears reasonable given her efforts in preparation and litigation of her case.

---

**3.** The table in Exhibit G contains CPI data until May 2010. Santos uses the May, 2010

value to compute the average EAJA rate for 2010.

Accordingly, Santos may recover $11,073.10 from the Commissioner under the EAJA. This figure includes 26.6 attorney hours expended in 2009 (26.6 hours $\times$ $171.98/hour = $4574.66) and 37.1 attorney hours expended in 2010 (37.1 hours $\times$ $175.16/hour = $6498.44).

## III.  *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of plaintiff Luisa Santos for an award of attorneys' fees pursuant to § 2412 is GRANTED; and it is further

**ORDERED** that Clerk of Court is directed to enter judgment ordering that defendant Commissioner of Social Security is to pay Santos attorneys' fees in the total amount of $11,073.10.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED**